JOHN C. SCHROEDER, Defendant in Error, *v.* THE STOCK AND MUTUAL INSURANCE COMPANY, Plaintiff in Error.

1. *Insurance, marine — Agreement — False representation.* — The insurance of a barge was to commence, by the terms of the policy, "wherever she was in safety on the 26th day of March, 1868, * * * with permission to navigate the Mississippi from the city of St. Louis to Helena," etc. The policies were issued while the barge was lying opposite Alton and ready to be loaded. It was loaded at once, and, while being prepared for its trip, took fire and was burned. In an action on the policy for the loss of the boat, *held*, that the permission to navigate the river below St. Louis was rather a limitation

upon plaintiff than a provision for the commencement of the risk, and was somewhat in the nature of an exception in favor of the insurance company, and should be construed most strongly against it. It should not be so applied as to contradict the express agreement as to the time of the commencement of the risk. *Held*, further, that if it appeared in evidence that plaintiff, when he obtained the policy, falsely represented the barge as already loaded and coming down the river, such representation would avoid the policy.

*Error to St. Louis Circuit Court.*

*Voorhies & Mason*, for plaintiff in error.

I. This policy is not a time policy, and no proper construction can make it such, for the reason that no time is named or limited. (1 Pars. on Mar. Ins. 312; May v. Modigliani, 2 Dunn & East, 30; Wooldridge v. Boydell, H. Bl., C. B., 231; Robertson v. French, 4 East, 130.) Upon every fair and legal construction of the language of that policy, the risk was to begin when the barge was towed from the port of St. Louis. But the petition alleges that the cargo never got to St Louis. It was destroyed before it came within the terms of the policy. Nor was there any loading at St. Louis. This annuls the policy. (Hudgson v. Richardson, 1 W. Bl. 463; 3 Burr. 1477; 2 Pars. on Mar. Ins. 49; Homeyer v. Lushington, 15 East, 46; 4 East, 130; Grant v. Paxton, 1 Taunt. 463; Park v. Hammond, 6 Taunt. 495; Graus v. Marine Ins. Co., 2 Caines, 339; Scriber v. Ins. Co. of N. A., 2 Wash. C. C. 107; Richards v. Marine Ins. Co., 3 Johns. 307; 1 Pars. on Mar. Ins. 441, and cases cited, note 1.)

II. The policy on the cargo contains a warranty that the ice was, at the time of the issuing of the policy, loaded on board the barge. It is a declaration by the assured that the ice is loaded. (1 Pars. on Mar. Ins. 337; Williams v. New England Mut. Ins. Co., 31 Maine, 219; Stout v. City Fire Ins. Co., 12 Iowa, 371; Chaffee v. Cataraugus Ins. Co., 18 N. Y. 376.) The contract was avoided under the warranty, or, more properly speaking, there was no contract, since there was no subject-matter for a contract. (Blackhurst v. Cockrell, 3 T. R. 360; Newcastle Fire Ins. Co. v. Macmoran, 3 Dav. 255, 262; Duncan v. Sun Fire Ins. Co., 6 Wend. 488; Pawson v. Watson, Cowp. 785; DeHahn v. Hartley, 1 T. R. 343; 2 T. R.186; Kirby v. Smith, 1 B. & A.

661; Fillis v. Bratton, cited in Park on Ins. 414; 1 Pars. on Mar. Ins. 337.)

*Haeussler*, and *Jones & Davis*, for defendant in error, cited 2 Duer on Ins. 689, § 31; N. Y. Firemen's Ins. Co. v. Walden, 12 Johns. 513; Mackwell v. Fraser, Doug. 260; Shirley v. Wilkerson, *id*. 396; Willes v. Glover, 1 New R. 14; Littledale v. Dixon, *id*. 151; Longstr v. Delafield, 1 Johns. 522; Margatroid v. Crawford, 3 Dall. 491; Marshall v. Union Ins. Co., 2 Wash. C. C. 357; Livingston v. Maryland Ins. Co., 6 Cranch, 274; Maryland Ins. Co. v. Rudens, *id*. 338; 1 Pet. 170; Hodgson v. Richardson, 1 Black, 289; Hull v. Cooper, 14 East, 479.

BLISS, Judge, delivered the opinion of the court.

Defendant's agent in St. Louis issued to plaintiff two policies of insurance for $2,000 each, one upon his ice barge and one upon the cargo. The policies were issued while the barge was lying at plaintiff's ice-house opposite Alton, ready to be loaded. It was loaded at once, and, while being prepared for its trip, took fire, and both barge and cargo were lost.

The chief controversy concerns the construction of the policies, the defendant claiming that they were not to operate until the barge reached St. Louis. The cargo policy causes the plaintiff "to be insured, lost or not lost, in the sum of $2,000 on his cargo of ice, seven hundred tons, more or less, contained in the barge Charles, of Alton; to be towed by steamboat from St. Louis, Missouri, to Helena," etc., * * * "beginning the adventures upon said property from and immediately following the loading thereof on board of said boat," etc.

The obvious intention of the parties was that the insurance should operate upon the ice when loaded, and to provide in the contemplated trip that the barge should be towed from St. Louis to its destination. If loaded above St. Louis, it might be brought down in any proper way, but when there it must take a steamer. If the written portion were inconsistent with the printed, the application of the well-known rule would be considered; but there is no inconsistency, and both are effective. In holding that

the policy, by its terms, covered the cargo when destroyed, the court committed no error.

In the policy issued upon the barge the intention of the insurer is not so clear. The company causes " John C. Schroeder to be insured in the sum," etc., " lost or not lost, upon the barge Charles, for the term of ——, wherever she is in safety at noon on the *26th day of March, 1868*, and from thence to noon on the —— day of ——, 18—, when this policy shall expire, unless," etc. ; " with permission to navigate *the Mississippi river from the city of St. Louis to Helena*," etc., etc. The written portion of the policy is indicated by *italics*, and it will be seen that the date of the commencement of the risk is given in writing, the same as the points upon the river between which the barge was permitted to run.

The time of the commencement of the risk is so far made plain and unequivocal by filling the blanks left for that purpose, while others provided for inserting its termination are unfilled, for the reason that it was made to depend upon the arrival of the boat at its destination. The omission to fill them in one case shows that the filling in the other was intentional.

The permission to navigate the river from St. Louis below, is rather a limitation upon the plaintiff than a provision for the commencement of the risk. It neither says nor implies that it shall begin at St. Louis, but may imply that the barge, in its navigation, must be confined to the river between the points named ; and even this is inconsistent with the situation of the barge and its destination. It would be more reasonable to suppose that the limit of the commencement of the trip at St. Louis was an inadvertence, and arose from the fact that the policy was drawn there ; that it absorbs the smaller places in its neighborhood ; that the barge was to be towed by a steamer from that point ; and that the principal trip was in the great channel that starts from St. Louis below. This implied limitation is somewhat in the nature of an exception, and should be construed most strongly against the party who makes it (1 Duer on Ins. 161, § 6), and should not be so applied as to contradict the express agreement as to the time of the commencement of the risk.

The defendant sought to prove that the plaintiff, when he obtained the policy, falsely represented that the barge was already loaded; that it was then coming down the river; and upon this matter several witnesses were examined, and the testimony was very contradictory. As to the only alleged misrepresentation that could affect the construction of the policy — to-wit: that the barge was then on the river near noon of the 26th of March, when the policy was to take effect — the court, at the instance of defendant's counsel, instructed the jury that if they found such misrepresentation to have been made it would avoid the policy, and they must find for defendant. And the court might well so hold; for it would not only be a statement of a fact that, if true, would obviously diminish the risk, but it would be a representation — an extrinsic fact — that would aid construction, and show that the intention was to insure from St. Louis only.

The court refused, however, to instruct the jury that a misrepresentation as to whether the boat, where it was lying, was already loaded at the date of the policy, or to be loaded, should be held to be a material one, leaving that question to the jury; but, as a guide to its deliberations, instructed them, as a matter of law, that a false representation, to avoid a policy, must be a false statement of facts tending to diminish the risks — a false representation in regard to matters the insured is justified in treating as materially affecting the risks assumed. In this the court was also right; for whether a given false statement be material or not, is in general a question of fact, and should be left to the jury, as it was in this instance, under instructions. (See 2 Duer on Ins. 689, § 1, and note.) The court committed no error in the instructions, and the facts were found for the plaintiff.

The judgment is therefore affirmed; the other judges concurring.