GIBSON and Wife *v.* EAST TENNESSEE, V. & G. R. Co. and another.

*(Circuit Court, W. D. Tennessee. June 8, 1887.)*

1. CARRIERS—EXPULSION OF MOTHER AND CHILD—HALF-FARE TICKETS.
    If the conductor refuse to pass a child traveling on half-fare rate because he believes it to be over the limited age, and the mother also leaves the train, she may recover damages, if the refusal be wrongful, although the conductor offer to pass her upon her own ticket without the child. It is unreasonable in such a case to ask a mother to leave her child.

2. SAME—MEASURE OF DAMAGES.
    If there be a reasonable dispute between the passenger and the conductor as to the validity of the ticket offered, and the passenger obstinately refuse to pay the additional fare demanded, when able to do that, and insist on being expelled from the train, the jury must take that fact in mitigation of damages, and disallow any compensation for wounded feelings, although the conductor be mistaken in his action. *Hull* v. *Memphis & C. R. Co.*, 15 Fed. Rep. 57, followed.

At Law.

Mrs. Gibson purchased, at Atlanta, Ga., two whole and two half tickets to Memphis, Tennessee, at emigrant rates. When she reached the Memphis & Charleston road, Conductor Ramsey refused to pass the boy, because he believed him to be over 12 years old, and the mother and her party left the train at Grand Junction. They remained there three days in the waiting-room, when the railroad company brought them to the city on the tickets that were rejected. No indignity or rudeness was proved, and no damages, except the delay, and there was a verdict for $100.

*John D. Martin*, for plaintiffs.

*Wm. K. Poston*, for defendants.

HAMMOND, J., (*orally.*) The ejection of the boy was the same thing as the ejection of the mother, as it was unreasonable to ask her to leave the child, under the circumstances, and proceed on her own ticket, about

which there was no dispute, although the conductor offered to take that course.

On the measure of damages, the court adheres to the rule announced in *Hall* v. *Memphis & C. R. Co.*, 15 Fed. Rep. 57, that, whenever there is a reasonable ground to dispute the right of the passenger to ride on the ticket he has, it is the duty of the passenger to pay the additional fare demanded by the conductor, if able to do so, and rely on the remedy to recover the amount before a justice of the peace or other competent court, and that damages cannot be increased by an obstinate resistance to the demands of the conductor, and by forcing him to expel the passenger from the train. The passenger can take that course, undoubtedly, and sue for damages for a breach of the contract or of the public duty of the carrier; but his own unreasonable conduct in resisting a fairly reasonable demand of the conductor can be taken by the jury as a mitigation of damages, and will reduce them to nominal or actual damage sustained by the delay.

If the question were one of contract only, the plaintiff could recover no more than the $5.15 demanded, and by the paying of which all other damage could have been prevented. But this is an action against the carrier for breach of duty as carrier, and the plaintiff is entitled to recover such damages for the expulsion, if wrongful, as the jury may determine upon the facts of the case; and, because of the peculiar nature of such actions, the unreasonable conduct of the plaintiff, if the jury find it so, can only be taken in mitigation of the damages to be awarded by their verdict.

A conductor cannot stop to try the disputed question of fact, and, if so required, he must always take the passenger's word as to the age of a child, or involve his company in a claim for large damages for any mistake he might reasonably make. The company is responsible for the mistake, but, in awarding damages, the jury will look to the circumstances, and say whether he was unreasonable in making the dispute, or acting upon his honest belief that the child was over age. If it were an infant of tender years, and he made the unreasonable claim that it was over age, the jury would award larger damages than if it were a large and over-grown child, closely bordering on the limit, and having the appearance of being over the age. In the latter case, the passenger would be unreasonable to insist on rejection, and could then recover only nominal or actual damages, to be confined to such extraordinary expenses as were incurred by the delay and the loss proved to have resulted by the detention; but no compensation for injured feelings or wounded sensibilities or the like. The age of this child is disputed, and the jury is required to settle that question of fact. If over the age of 12 years, the plaintiffs can recover nothing; if under, such damages as the jury may fix under the rule laid down.