CATHERINE A. BROWN, administratrix, *vs.* GREENFIELD LIFE ASSOCIATION.

SAME *vs.* SAME.

Hampden.    September 28, 1898. — February 28, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Erroneous Instructions — Action by Executor or Administrator on Life Insurance Policy — Exceptions — Assignment of Life Insurance Policy — Application — Misrepresentations — Questions for Jury — Consumption — Risk of Loss.*

It cannot be said that verdicts rendered under erroneous instructions shall stand, when it appears that any defence will be open on a new trial.

The St. 1894, c. 225, relative to actions on life insurance policies, is construed to allow an executor or administrator to sue when the assent of the beneficiary to whom the policy is payable appears or is to be presumed, no action being instituted by the beneficiary himself.

In an action on a life insurance policy there is no ground of exception to the exclusion of questions put to the beneficiary, who had assigned the policy to another as security for money due, as to when that indebtedness was paid, and whether it was paid before the death of the insured, as it is immaterial whether the indebtedness was paid before the death of the insured.

As in an action on a life insurance policy the defences which might be made if the application were part of the contract were in fact on trial by the jury, the evidence as to applications by the insured to other insurers was relevant and competent upon the issue whether his alleged misrepresentations to the defendant company were made with actual intent to deceive.

In an action on a life insurance policy there is no error in the ruling that the jury are to disregard those questions in the applications to which no answer was made.

The credibility of witnesses and the weight of evidence are for the jury.

Consumption is a disease of such a nature that, as matter of law, a misrepresentation as to it in an application for life insurance is a misrepresentation as to a matter which increases the risk of loss.

TWO ACTIONS OF CONTRACT, to recover the amount of two policies of life insurance for one thousand dollars each, upon the life of Charles P. Brown.

The beneficiary named in one of the policies was the wife of the insured, and in the other was George H. Graham. This last named policy had been assigned to one Robert A. Murray. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions, which appear in the opinion.

*W. H. Brooks*, ( *W. Hamilton* with him,) for the defendant.

*W. H. McClintock*, (*J. B. Carroll* with him,) for the plaintiff.

BARKER, J.   The plaintiff now contends that, upon inspection of the original policies and applications, which are before us, it appears that there are such substantial discrepancies between the applications and the copies annexed to the policies as to require it to be held as it was held in *Nugent* v. *Greenfield Life Association, ante*, 278, that the applications were not admissible in evidence or parts of the contracts, and that the defences founded upon alleged misrepresentations by the insured were not open, and that therefore the defendant's exceptions should be overruled because it was not harmed by any errors at the trial.   But we think it would be going too far for us to say that verdicts rendered under erroneous instructions shall stand, when it appears that any defence will be open upon a new trial.   Here all the allegations of the declarations are denied by the answers, and it cannot be said that no other result than fresh verdicts for the plaintiff can come from a new trial.

One exception is to the refusal to rule that the actions cannot be maintained by the present plaintiff as administratrix of the estate of the insured.   One policy is made payable to her individually, and the other to one Graham, while each is made payable to the executors or administrators of the insured if the beneficiary named is not living at the death of the insured.   The defendant contends that, although an administrator may ordinarily sue upon a contract made with his intestate, we have two statutes, St. 1894, c. 225, and St. 1894, c. 522, § 73, each of which gives to the beneficiary named in these policies the right to sue in his own name, and that the right so given takes away the right of the administratrix of the insured to maintain these suits.

There are instances in which an action may be brought by either of two persons.   See *Palmer Savings Bank* v. *Ins. Co. of*

*North America,* 166 Mass. 189. It is not a necessary consequence of the giving by statute a right to sue to the beneficiary that the statute wholly takes away the common law right of the administratrix. Nor is it clear that either of the statutes cited applies to policies of assessment insurance. The provision of St. 1894, c. 522, § 73, allowing a person to whom a policy of life insurance is made payable to bring suit upon it in his own name, is not contained in or derived from St. 1887, c. 214. It follows from this fact, and from the decision in *Stocker* v. *Boston Mutual Life Association,* 170 Mass. 224, that policies of assessment insurance are not dealt with by this provision of St. 1894, c. 522, § 73. There are also reasons for holding that policies of assessment insurance are not within the operation of St. 1894, c. 225. That statute is entitled " An Act to authorize the beneficiary of a life insurance policy to maintain an action thereon in his own name," and the body of the statute is as follows : " Section 1. The person to whom a policy of life insurance, hereafter issued, is made payable, may maintain an action thereon in his own name. Section 2. This act shall take effect upon its passage." This language would have been used if the Legislature had in mind premium insurance only, while if they had meant to include also assessment insurance and that written by fraternal benefit societies, the statute would more naturally have said, " The person to whom a benefit certificate, or a certificate or policy of life insurance, is made payable, may maintain an action thereon in his own name." Besides this, the statute has been treated as superseded and repealed by St. 1894, c. 522. In the supplement to the Public Statutes, (issued under authority of St. 1895, c. 363,) St. 1894, c. 225, is said to be superseded by St. 1894, c. 522, § 73, and to be repealed; and in the tables of changes in the general laws published by direction of St. 1895, c. 363, in the supplement just mentioned, and also in the tables of changes in the general laws prepared yearly under the provisions of St. 1882, c. 238, and published in the volumes of Acts and Resolves for the years 1894, 1895, 1896, 1897, and 1898, the St. of 1894, c. 225, is said to be superseded by St. 1894, c. 522, § 73. This points to the conclusion that, notwithstanding the generality of its language, the Legislature intended the provisions of St. 1894, c. 225, to apply only to premium insurance, in which case only could it be

said to be superseded and repealed by St. 1894, c. 522. However this may be, and even if the provisions of St. 1894, c. 225, were merely duplicated as to premium insurance by St. 1894, c. 522, § 73, and not superseded or repealed, we. are of opinion that in the circumstances disclosed by the bill of exceptions the plaintiff as administratrix can maintain these actions. The statute does not in terms forbid the executor or administrator to sue, and, while it is to be so construed as not to subject an insurer to two judgments for one cause of action, the statute is in derogation of the common law, and may have effect without wholly taking away the power of an executor or administrator to sue. We may fairly construe the statute to allow an executor or administrator to sue when the assent of the beneficiary to whom the policy is payable appears or is to be presumed, no action being instituted by the beneficiary himself. In one of these cases the person who sues as administratrix of the insured is the beneficiary, and her assent must be assumed. In the other case the beneficiary is a different person, but it is not contended that he has himself instituted any suit. It appears that he knew of this suit, for he was present at the trial, being summoned as a witness by the plaintiff, and put upon the stand by the defendant. One condition of the policy is that no suit shall be brought upon it unless within one year after the death of the insured, who died on February 4, 1897, so that now no other suit can be brought. In this case also it should be assumed that the suit was brought and is prosecuted with the assent of the beneficiary. If the statute applies to these policies, it precludes an executor or administrator of the insured from maintaining an action without the assent of the beneficiary, if the latter desires to sue and brings his suit within a reasonable time; and his rights cannot be injuriously affected by a prior suit brought by an executor or administrator of the insured. But if the beneficiary does not exercise his own right to sue, an executor or administrator of the insured may, with the assent of the beneficiary, maintain an action notwithstanding the statute. The exception to the refusal to hold that the actions could not be maintained by the present plaintiff must therefore be overruled.

Another exception, not connected with those which arise as

to St. 1890, c. 421, § 21, is that to the exclusion of the questions put to Graham, the beneficiary in the second policy, who had assigned it to one Murray as security for money due, as to when that indebtedness was paid, and whether it was paid before the death of the insured. It would dispose of this exception to say that the bill of exceptions does not disclose what answer was expected to these questions. We prefer to say that it was immaterial whether the indebtedness was paid before the death of the insured. The policy in its inception was not a wagering contract. *Campbell* v. *New England Ins. Co.* 98 Mass. 381. And an assignment of a policy issued to one who has an insurable interest is not void because made to one who has no such interest. *Mutual Life Ins. Co.* v. *Allen*, 138 Mass. 24. The same considerations require us to overrule also the exception to the refusal to give the seventeenth request, that the action on the Graham policy could not be maintained.

The remaining exceptions, whether to the admission or exclusion of evidence, the refusal of instructions to the jury, or to the charge, are as to matters concerning the defences under the applications, and we deem it unnecessary to discuss them all. As the defences which might be made if the applications were part of the contracts were in fact on trial by the jury, the evidence as to applications by the insured to other insurers was relevant and competent upon the issue whether his alleged misrepresentations to the defendant were made with actual intent to deceive. There was no error in the ruling that the jury were to disregard those questions in the applications to which no answer was made. *Nugent* v. *Greenfield Life Association, ante,* 278. Subdivision 10 of the application, — " 10. The following are all the companies or associations to which I have ever applied for any life insurance which has been refused on the plan asked for, or postponed," — was in reality a question, and did not become a statement of the applicant by being left unanswered.

The substance of the whole evidence is set out in the bill of exceptions to the extent of more than fifty printed pages of oral testimony, to enable the defendant to contend here that the verdicts were against the weight of the evidence, and very much of the defendant's brief and argument is addressed to that ques-

tion.  It is enough to say, in overruling that exception, that it could not be sustained without holding that the jury were bound to find in accordance with the testimony of witnesses called by the defence, and much of whose testimony was as to the acts and declarations of the deceased, and tending to show him guilty of fraud.  The answer to the exception is, that the credibility of witnesses and the weight of evidence are for the jury.

Without discussing the rulings refused and given as to other diseases, there was error in the manner in which the court below treated the defence that the insured had consumption. We think that to be such a serious disease that, if there is a misrepresentation as to it by the insured in obtaining life insurance, the misrepresentation must be held, as matter of law, to be a misrepresentation as to a matter which increased the risk of loss, within the meaning of the clause relating to that subject in St. 1894, c. 522, § 21, which clause, having been part of St. 1887, c. 224, is, in accordance with the decision of *Considine* v. *Metropolitan Ins. Co.* 165 Mass. 462, applicable to assessment insurance.  Hence it was wrong to refuse the instruction to that effect requested by the defendant, and it was also wrong to leave it to the jury whether, if the insured had consumption at or before the time of his application for insurance, that fact did or did not increase the risk of loss.  Some diseases or bodily conditions are of such a nature that the question whether they increase the risk of loss is for the jury.  Rupture was said to be of that class in *Levie* v. *Metropolitan Ins. Co.* 163 Mass. 117. On the other hand, there are conditions and diseases of a nature which requires it to be held, as matter of law, that a misrepresentation as to them is one as to a matter which increases the risk of loss, within the meaning of the statute.  That the applicant was addicted to the excessive use of intoxicating liquors was held to be such a matter in *Rainger* v. *Boston Mutual Life Association,* 167 Mass. 109.  Consumption is of this latter class. The charge was also wrong in intimating that the plaintiff might recover even if the insured had consumption when he obtained his insurance, unless he died of the consumption to which he was then subject.  Whether his misrepresentation as to consumption was as to a matter which increased the risk of loss did

not depend upon whether he died of the disease, but upon whether the fact that he had consumption increased the risk that he would soon die.        *Exceptions sustained.*