ARAMINTA H. TAYLOR v. GRAND LODGE A. O. U. W. OF MINNESOTA.[1]

May 10, 1907.

Nos. 15,174—(102).

**Declarations of Deceased—Application for Insurance.**

Declarations and admissions of a person, since deceased, made ante litem motam respecting the date of his birth, are admissible in evidence against his beneficiary in an action to recover upon a mutual benefit certificate issued to him in his lifetime, in which action the defense in-

[1]Reported in 111 N. W. 919.

terposed is that a false date of birth was given in the application for membership, the basis for the insurance.

### Same—Prior Application.

In such an action, a prior application for life insurance in another company made under circumstances of a nature to vouch for the truthfulness of the statements and representations therein contained, in which the date of birth is different from that given in the application involved in the action, is competent evidence tending to establish the true date.

### Same—Judicial Notice.

The court will take judicial notice of the uniform and generally known custom of life insurance companies to require as a condition precedent to the issuance of an insurance policy a properly signed and executed application therefor, together with an authenticated medical examination of the applicant.

Action in the district court for Hennepin county to recover $2,000 upon a beneficiary certificate issued by defendant. The case was tried before Dickinson, J., and a jury, which rendered a verdict in favor of defendant. From an order granting a motion for a new trial, defendant appealed. Reversed.

*W. B. Anderson,* for appellant.

*C. J. Bartleson* and *C. H. Rossman,* for respondent.

BROWN, J.

This action was brought to recover upon a beneficiary certificate issued by defendant to Wilbur N. Taylor. A former appeal is reported in 96 Minn. 441, 105 N. W. 408, 3 L. R. A. (N. S.) 114, where the facts are fully stated. A second appeal resulted in a reversal of a judgment in favor of defendant, and the cause was remanded for a new trial. 98 Minn. 36, 107 N. W. 545. A trial thereafter had resulted in a verdict for defendant, which was set aside on plaintiff's motion, and a new trial granted. Defendant appealed.

The only question presented on this appeal is the correctness of the ruling of the trial court on the admission of the evidence presently to be referred to. Membership in defendant society was, at the time Taylor joined it, limited to persons under the age of forty five years. In his application for membership Taylor stated and represented that he was born on December 2, 1849, thus making him at that date forty four years of age. The contention of the defendant is that this was

a false and fraudulent statement, that Taylor was in fact born on December 2, 1846, and consequently, when he joined the society, over the age of forty five years, and ineligible. We held on the first appeal that if this contention of defendant was true, and the statement referred to in the application was false and fraudulent, Taylor's certificate of membership was void, and plaintiff could not recover. The sole question contested on the last trial, so far as the present appeal is concerned, was the truthfulness or falsity of the representation that Taylor was born on December 2, 1849.

Plaintiff in her proof of death stated that he was born on December 2, 1846, but on the trial testified that she was incorrectly understood by the person preparing the proof; that she did not in fact so state, but, on the contrary, stated that she did not know the date of her husband's birth. Among other items of evidence tending to show the falsity of the statement, defendant offered in evidence, over plaintiff's objection, an application made by him some time prior to the application here in question to the Bankers' Life Association, upon which a policy of insurance was issued to him by that company. In that application the date of Taylor's birth was given as December 2, 1846, and corresponds to the date given by plaintiff in her proof of death in the case at bar.

On plaintiff's motion for a new trial the court below came to the conclusion that the ruling admitting this application in evidence was error, and a new trial was granted for that reason. It is urged by counsel for plaintiff that the application to the Bankers' Life Insurance Company was inadmissible, for the reasons (1) that as to plaintiff it was hearsay and incompetent, (2) that there was not sufficient evidence that the application was made by the same Taylor who subsequently became a member of defendant society, and (3) that there was no evidence that deceased signed or executed the same; therefore that the court properly granted a new trial for the error in admitting it in evidence. We do not concur in either of these contentions.

1. The general rule under which declarations and admissions by third persons, not interested in or connected with the subject of the action, are excluded as hearsay evidence, has several well-defined exceptions, one of which includes admissions and declarations in respect to matters of family history or pedigree. Upon that subject statements of members of a family respecting relationships, births, marriages, and

deaths, made ante litem motam, are by all authorities held admissible when pertinent to the issue on trial. 22 Am. Eng. Enc. (2d Ed.) 640. The reason for the rule is found in the fact that direct evidence upon such matters is often unattainable, and they are susceptible of proof only in this indirect way. A living person may testify to his age, or date of his birth, though he derives his information upon the subject from his parents, or others having knowledge of the fact. Chicago v. Lewandowski, 190 Ill. 301, 60 N. E. 497; Com. v. Stevenson, 142 Mass. 466, 8 N. E. 341; Houlton v. Manteuffel, 51 Minn. 185, 53 N. W. 541; Grand Lodge v. Bartes, 111 Am. St. 577, and note (69 Neb. 631) 96 N. W. 186, 98 N. W. 715. And by analogy of reasoning a statement or declaration of the fact made by him in his lifetime, in a transaction in which that information was material, or at the family fireside or home, is also admissible. 16 Cyc. 1234, and cases cited.

The question has frequently arisen in cases involving alleged misrepresentation in applications for life insurance, both as respect the age of the applicant and his previous physical condition. In cases of "old line" insurance, where the contract is between the company and the beneficiary, to whom a vested interest in the insurance passes upon the issuance of the policy, admissions or declarations of the insured, made either before or after the insurance is effected, are held by most courts inadmissible against the beneficiary. Swift v. Massachusetts, 63 N. Y. 186, 20 Am. 522; Valley v. Teewalt, 79 Va. 421; Pennsylvania v. Wiler, 100 Ind. 92, 50 Am. 769; Niblack, Ben. Soc. 626; Union v. Cheever, 36 Oh. St. 201, 38 Am. 573. While the courts are not in full accord on that subject, they are practically uniform in admitting the evidence in cases like that at bar, where the contract of insurance is between the company and the member, the beneficiary having only an expectant interest. This situation is present in all benefit societies of the character of defendant, where the beneficiary may be changed at any time during the life of the insured. The cases upon both branches of the subject are commented on in Niblack, Ben. Soc. at page 626. See also McGowan v. Supreme Court, 107 Wis. 463, 80 N. W. 603, 104 N. W. 173; Rawson v. Milwaukee, 115 Wis. 641, 92 N. W. 378; Hunt v. Supreme Council, 64 Mich. 671, 31 N. W. 576, 8 Am. St. 855.

In Union v. Pollard, 94 Va. 146, 26 S. E. 421, 36 L. R. A. 271, 64 Am. St. 715, the age of the insured was involved, it being claimed that he had falsely stated the date of his birth; and the court held that a prior application for insurance in the same company, in which a different date was given, was admissible against the beneficiary, not as evidence of a true date of birth, but as tending to show that the date given in the present application was knowingly false; there being other evidence in the case of the true date. That was an "old line" policy, and the vested interest rule obtains in that state. The date of birth was involved in Mutual v. Blodgett, 8 Tex. Civ. App. 45, 27 S. W. 286, and prior declarations of the insured as to his age were held admissible. In Brown v. Greenfield, 172 Mass. 498, 53 N. E. 129, applications to other insurance companies are held admissible as pertinent upon the question of the insured's physical condition. An application for a pension, stating the applicant's physical condition, was held competent evidence in an action on an insurance policy subsequently issued, in procuring which he represented himself as in good health, in New Home v. Owen, 39 Ill. App. 413. See also Talbot v. Field, 173 Mass. 188, 53 N. E. 403; Smith v. National, 123 N. Y. 85, 25 N. E. 197, 9 L. R. A. 616; Life Association v. Winn, 96 Tenn. 224, 33 S. E. 1045; Thomas v. Grand Lodge, 12 Wash. 500, 41 Pac. 882. Upon the general subject of the admissibility of admissions and declarations of deceased persons, both as to matters relating to family history and in other respects, see Dawson v. Mayall, 45 Minn. 408, 48 N. W. 12; Halvorsen v. Moon, 87 Minn. 18, 91 N. W. 28, 94 Am. St. 669; Dixon v. Union Iron Works, 90 Minn. 492, 97 N. W. 375; Georgia v. Fitzgerald, 108 Ga. 507, 34 S. E. 316, 49 L. R. A. 175.

The application of the insured in the case at bar represented that he was born December 2, 1849, while the application to the Bankers' Life represented that he was born December 2, 1846. The contention of the defendant is that the latter application was properly received in evidence to prove the true date of his birth, and the rule of law referred to and the authorities cited sustain that position. It not only tended to establish the true date, but the further fact that the insured falsely and fraudulently represented the fact in his application to defendant. The application to the Bankers' was made in the course of a transaction in which the information was material, and there is no

:suggestion in the record that the statement then made was incorrect or the result of a mistake. It was made without apparent reason for misrepresentation, which, within the rule admitting such evidence, sufficiently vouches for its truthfulness; whereas, in the case at bar, had the true date been given, the applicant could not, under defendant's by-laws, have become a member of the association, and the reason for a false date was present. Curiously enough the date given the Bankers' Company corresponds exactly with the date given in plaintiff's proof of death in the case at bar.

2. It is further contended by plaintiff that the evidence is insufficient to justify the conclusion that the Taylor who made the application to the Bankers' was the same person who became a member of defendant. A careful comparison of the two applications will admit of no argument on this subject. That the same person made both applications conclusively appears. The name is the same in each, the residence the same, Araminta Taylor is named as beneficiary in each, and other items of information therein contained point to one and the same person. The claim of identity is further shown by the fact that in the application to defendant Taylor stated that he had previously taken out insurance in the Bankers' Life.

3. The further claim that the evidence does not show that deceased signed and executed the application to the Bankers' is not sound. The application appears to have been in the usual form, and the evidence shows that it was received and acted upon by the officers of the company. It is the universal and generally known and understood custom of life insurance companies to require formal written applications for life insurance, connected with which is a medical examiner's report disclosing minute information concerning the applicant's life and physical condition, and no policies are issued without compliance therewith. Of this general custom the court will take judicial notice, and in the absence of information to the contrary will presume that it was followed in this instance. McKibbin v. Great Northern Ry. Co., 78 Minn. 232, 80 N. W. 1052; McKibbin v. Wisconsin Central Ry. Co., 100 Minn. 270, 110 N. W. 964; Braun v. Northern Pacific Ry. Co., 79 Minn. 412, 82 N. W. 675, 984, 49 L. R. A. 319, 79 Am. St. 497, and cases cited; 16 Cyc. 878. It was therefore unnecessary that affirmative evidence that the insured signed the application be produced.

The record contains no inference or suggestion that it was not, and the facts and circumstances disclosed point to the conclusion that it was properly signed by Taylor, and that the answers to questions therein were made by him.

It follows that the learned trial judge was right in admitting the application in evidence, and wrong when he concluded, on the motion for a new trial, that he erred. We have examined the other rulings of the court on the trial, which counsel urged were such as to require a new trial, and find no error sufficient to justify vacating the verdict.

The order granting a new trial must therefore be reversed.