WILLIAM DOLAN, Respondent, v. MISSOURI TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

**Kansas City Court of Appeals, April 30, 1900.***

1. **Insurance:** WARRANTIES: REPRESENTATIONS: STATUTORY CONSTRUCTION. The Act of 1897, does not avoid all warranties, but such only as are not material to the risk; and all matters material to the risk are left just as they were before.

2. ———: ———: ———: LAW QUESTION. When the warranty is undoubtedly material, that is, strikes all fair minds alike, it is a question of law for the court.

3. ———: ———: FURTHER INSURANCE. Further insurance in any substantial sum is plainly material.

4. ———: ———: ———: THREE-FOURTHS VALUE: NOTICE. If the policy requires an insurance of three-fourths of the value of the property and reduces the recovery pro rata, unless such amount of insurance is procured, then any additional insurance up to the three-fourths value is assented to; and the insurer need not be notified of its procurement.

5. ———: ———: ———: ———: INSTRUCTION. An instruction telling the jury that if the insured did take out additional insurance beyond the three-fourths value of the property he could still recover but only proportionately, can not be justified by the policy or by the law of 1897. Adhered to on motion for rehearing and on rehearing.

6. ———: ———: ———: JURY QUESTION. The question as to the materiality or the falseness of a warranty that plaintiff had not had prior losses by fire was properly submitted to the jury on the evidence.

7. ———: DEFENSE: WAIVER. If the insurer after becoming aware of his defenses leads the insured into additional expense in preparing proof of loss, he thereby waives such defense.

*This case reached the reporter May 21, 1901.

Dolan v. Mo. Town Mutual Fire Ins. Co.

8. ———: ———: REPRESENTATIONS: PLEADING: FRAUD. Where the defense is the materiality of the warranties in the application, the answer should allege that the warranties were material to the risk, and it is not necessary to allege that they were fraudulently made, since their falseness without fraud defeats the policy.

9. ———: ———: PLEADING: APPELLATE PRACTICE. Though the answer failed to allege the materiality of the representations, yet if the plaintiff tries the case on that theory and submits the question of materiality to the jury, it is too late to object to the pleading in the appellate court.

10. ———: PRINCIPAL AND AGENT: READING PAPERS. In this case the son's acts were those of the father and he must be taken to have read the papers he signed.

Appeal from Cass Circuit Court.—*Hon. W. L. Jarrott,* Judge.

REVERSED AND REMANDED.

*Fyke, Yates, Fyke & Snider* for appellant.

(1) The court erred in refusing defendant's instructions one and two. That plaintiff took insurance in the sum of $1,600, which was not mentioned in the application, and of which defendant had no notice, stands conceded. Other insurance without notice is material, and should have been so declared by the court. Wright v. Ins. Co., 73 Mo. App. 365; March v. Metropolitan Life, 28 Ins. Law Journal, p. 30 (Pennsylvania Sup. Ct., Jan. 1899); Brown v. Life Ass'n, 28 Ins. Law Journal, p. 321 (Supt. Ct., Mass., Apr. 1899); Aloe v. Reserve Fund, 28 Ins. L. J. 293; Hutchinson v. Ins. Co., 21 Mo. 97; Dietz v. Ins. Co., 38 Mo. 85; Rothschild v. Ins. Co., 62 Mo. 356; Barnard v. Ins. Co., 27 Mo. App. 26; Carpenter v. Ins. Co., 16 Pet. (U. S.) 495. (2) For the same reason the court erred in giving instructions four and five, and said instructions are erroneous for the further reason

that the language, "that the policy sued on would have been executed and delivered as it is, had said application truly contained the real facts concerning the insurance upon the property aforesaid," is argumentative. There is no evidence upon which to base such a hypothesis, and, moreover, the instruction ignores the $1,600 insurance taken after the application was made. (3) The question, whether or not plaintiff had previously suffered loss by fire, was as a matter of law material, and the jury should have been so instructed; hence, the court erred in refusing defendant's instruction four, and in giving plaintiff's instructions two and five. (4) No question of waiver by defendant was submitted to the jury and so there is no question of waiver in the case. The case was submitted to the jury by plaintiff upon the theory that the statements in the application were untrue, but that the facts warranted were not material consequently the questions before this court are: is other insurance material as a matter of law, and is the question whether or not plaintiff had previously suffered loss by fire, material as a matter of law? (5) There is no substantial evidence in the case as to the value of the goods at the time of the fire, outside of the agreement made a few days after the fire, between plaintiff and defendant's adjuster. That showed the total stock to be $15,099.40; the total insurance was $13,600, which was more than three-fourths the value. Defendant's second instruction, therefore, should have been given, and the court erred in overruling it. (6) The court erred in permitting plaintiff to prove, over defendant's objection, that W. S. Dolan, who signed the application for his father, did not know its contents when he signed it. There was nothing to prevent him from reading it, hence he is conclusively presumed to know its contents. (7) The court erred in giving plaintiff's instruction, number ten. Under the plain terms of

the contract, if plaintiff's insurance exceeded three-fourths the value of the goods, plaintiff was not entitled to recover anything; the policy was void. Fletcher v. Ins. Co., 83 N. W. Rep. 29; Ins. Co. v. Dudley (Ark.), 28 I. L. J. 44; 45 S. W. Rep. 539; 65 Ark. 240.

*R. T. Railey* for respondent.

(1) Nor did it make any difference, so far as defendant's liability is concerned, that witness W. S. Dolan may not have read the application or known its contents when he signed plaintiff's name to it. Hayward v. Ins. Co., 52 Mo. 181; Parsons v. Ins. Co., 132 Mo. 590; Hamilton v. Ins. Co., 94 Mo. 368; Pelkington v. Ins. Co., 55 Mo. 172; Baile v. Ins. Co., 73 Mo. 385; Nixon v. Ins. Co., 69 Mo. App. 356, 357, 358; Franklin v. Ins. Co., 42 Mo. 457; Cagle v. Ins. Co., 2 Mo. App. 259; James v. Ins. Co., 49 S. W. Rep. 980 (Mo.); Nickell v. Ins. Co., 144 Mo. 420; Rissler v. Ins. Co., 150 Mo. 366; Montgomery v. Ins. Co., 80 Mo. App. 506; Williams v. Ins. Co., 73 Mo. App. 607; Thomas v. Ins. Co., 2 Mo. App. Rep. 242; Ins. Co. v. Horton, 48 N. E. Rep. 956. (2) Where a policy provided that no officer or agent shall waive any condition of policy unless written thereon, it can not be held to be a valid contract, as to said waiver. Hanna, Munger & Co. v. Ins. Co., 63 Mo. App. 92. (3) Where the company has notice of breach of warranty and yet furnishes blanks for proof of loss, etc., it waives its right to object to such breach of warranty. Burnham v. Ins. Co., 75 N. W. Rep. (Mich.) 445; Roby v. Ins. Co., 120 N. Y. 517; Weed v. Ins. Co., 116 N. Y. 118; Titus v. Ins. Co., 81 N. Y. 410 to 419; Brock v. Ins. Co., 75 N. W. Rep. (Iowa) 683; Ins Co. v. Day, 75 N. W. Rep. (Neb.) 576; Huesinkveld v. Ins. Co., 76 N. W. Rep. (Iowa) 696. (4) Even if the

representations made by plaintiff, in the application signed for insurance, were false, they would not be material to the risk. Morrison's Adm'r v. Ins. Co., 18 Mo. 269; Ins. Co. v. Vaughan, 92 U. S. 516; Bank v. Ins. Co., 95 U. S. 673; Brown v. Life Ass'n, 28 Ins. L. J. (Mass.) 325; Session Acts 1897, 130; Ins. Co. v. Machine Co., 49 S. W. Rep. (Tex.) 222; Ins. Co. v. Monroe, 39 S. W. Rep. (Ky.) 436; Ins. Co. v. Coomes, 20 S. W. Rep. (Ky.) 900; Ins. Co. v. Merschendorf, 14 Ky. L. Rep. 757; Ins. Co. v. Stultz, 87 Va. 636; Ins. Co. v. Simmons, 69 N. W. Rep. (Neb.) 134; Ins. Co. v. Warren, 51 N. E. Rep. 546; Taylor v. Ben. Ass'n, 52 N. E. Rep. 1083; Ins. Co. v. Zeitinger, 48 N. E. Rep. 180; Eddy v. Ins. Co., 30 N. W. Rep. 810; Christian v. Ins. Co., 143 Mo. 464, 465; Levi v. Ins. Co., 39 N. E. Rep. (Mass.) 792; Day v. Ins. Co., 81 Me. 244; Ins. Co. v. Miller, 58 Ga. 420; Ins. Co. v. Rudwig, 80 Ky. 223, 234; White v. Ins. Co., 39 N. E. Rep. (Mass.) 771; Durkee v. Ins. Co., 34 N. E. Rep. (Mass.) 1133; March v. Ins. Co., 28 Insur. L. J. (Pa. Sup. Ct.) 30. (5) No insurance company can insure property in this State at a ratio greater than three-fourths of the value of the property insured and when taken, its value shall not be questioned in any proceeding. Session Acts 1895, p. 194. (a) The foregoing act has no reference to chapter 89, Revised Statutes 1889. On the contrary, it applies to mutual insurance companies, as well as all others. Warren v. Town Mutual Co., 72 Mo. App. 188; Gibson v. Ins. Co., 82 Mo. App. 515. (6) If an agent who countersigns and delivers a policy, who collects a premium, writes up application for insurance and solicits insurance, is informed as to the title of insured, then the company is estopped from relying upon any untrue statements in the application for insurance concerning such title. Nixon v. Ins. Co., 69 Mo. App. 357; Combs v. Insur. Co., 43 Mo. 148, 150; Breckenridge v. Ins. Co., 87 Mo. 62;

Dolan v. Mo. Town Mutual Fire Ins. Co.

Ayers v. Ins. Co., 66 Mo. App. 288; Roberts v. Ins. Co., 26 Mo. App. 92; Thomas v. Ins. Co., 20 Mo. App. 150. (7) It was necessary for the answer to allege that the insurance would not have been taken out, etc., but for the false statements made by the insured, if any were made. Ins. Co. v. Simmons, 69 N. W. Rep. (Neb.) 134; Ins. Co. v. Mfg. Co., 49 S. W. Rep. (Tex.) 222, 225; Christian v. Ins. Co., 143 Mo. 464, 465; Levi v. Ins. Co., 39 N. E. Rep. (Mass.) 792; Ins. Co. v. Golden, 23 N. E. Rep. 503; Ins. Co. v. Coombs, 49 N. E. Rep. 411. (8) The evidence of plaintiff as to the value of the goods in controversy was ample to sustain the verdict and is conclusive upon defendant—there being no substantial evidence on the part of defendant to the contrary. Rissler v. Ins. Co., 150 Mo. 366, 373. (9) The Session Acts, 1897, of Missouri, page 130, applies clearly to defendant and justified the instructions asked on behalf of plaintiff and given by the court. See authorities under proposition 6, supra; Warren v. Mut. Co., 72 Mo. App. 188.

ELLISON, J.—This is an action on a policy of fire insurance, insuring goods, wares and merchandise for $2,500. Plaintiff recovered a judgment in the circuit court.

1. For the purpose of a proper disposition of the case it will suffice to omit some detail and state the facts in a general way. Plaintiff made written application for the present insurance, in which, and in the policy afterwards issued, he warranted that he had no other insurance than that which he stated in the application. In fact, he did have other substantial insurance. He likewise stated that he had not had losses by fire theretofore when in fact he had had such loss. He likewise stated as facts which, if true, made the insurance not more than three-fourths of the value of his stock, but which defendant claims were untrue and under instruction number

ten, given for plaintiff, may be assumed to be untrue.

Plaintiff's instructions as to these false representations were based on his construction of the Laws of 1897, page 130, and declared, first: that though the representation as to other insurance was false, yet, if the jury believed it was not material to the risk, they would find a verdict for plaintiff. The statute referred to reads as follows:

"Section 1. That the warranty of any fact or condition hereafter made by any person in his or her application for insurance against loss by fire, tornado, or cyclone, which application, or any part thereof, shall thereafter be made a part of a policy of insurance, by being attached thereto, or by being referred to therein, or by being incorporated in such policy, shall, if not material to the risk insured against, be deemed, held and construed as representations only, in any suit brought at law or in equity in any of the courts of this State, upon such policy to enforce payment thereof, on account of loss of or damage to any property insured by such policy.

"Section 2. That the warranty of any fact or condition hereafter incorporated in or made a part of any fire, tornado or cyclone policy of insurance, purporting to be made or assented to by the assured which shall not materially affect the risk insured against, shall be deemed, taken and construed as representations only in all suits at law or in equity brought upon such policy in any of the courts of this State."

This statutes does not avoid all warranties, but only such as are not material to the risk. All matters warranted which are material to the risk are left just as they were before the statute. It so frequently happened that immaterial matters were made the subject of warranty in fire policies, with the result of avoiding them, the Legislature has deemed it prudent and wise to cut off such defenses. But the act quoted can not be fairly interpreted to mean that all warranties are an-

Dolan v. Mo. Town Mutual Fire Ins. Co.

nulled and shall be no more than representations.    This is
the ruling on similar statutes in Pennsylvania and Massachu-
setts.    March v. Ins. Co., 186 Pa. St. 629; Brown v. Ins. Co.,
172 Mass. 498.

2.    Plaintiff's instructions, in effect, recognize this, but
they submit the materiality of the risk to the jury.    We think
this was error.    When the risk is undoubtedly material; when
it is of such character as to strike all informed and fair minds
alike, it is a question of law for the court and should be so
declared.    March v. Ins. Co., and Brown v. Ins. Co., supra.

3.    Further, or additional insurance, in any substantial
sum, is plainly material.    Aloe v. Ins. Co., 147 Mo. 561,
579; Hutchison v. Ins. Co., 21 Mo. 97; Barnard v. Ins. Co.,
27 Mo. App. 26.    A single illustration will bring to the mind
of any one the great increase of hazard if one owning property
valued at $1,000 could by successive concealments and mis-
representations get insurance aggregating $5,000.

But this policy contained the following clause:    "It is a
part of the consideration of this policy and the basis upon which
the rate of premium is fixed that the assured shall maintain
insurance on the property covered by each item of this policy
to the extent of at least seventy-five per cent of the actual
cash value thereof, and that failing so to do, the assured shall
be an insurer to the extent of such deficit and to that extent
shall bear his, her or their proportion of any loss    *    *    *."
We interpret this clause to be a consent of the insurance com-
pany that plaintiff might take out insurance to an amount
not exceeding three-fourths of the value of the property.    In
such view it was not necessary for plaintiff to notify defend-
ant of other insurance up to that point.    Strauss v. Ins. Co.,
9 Col. Ct. App. 386; Insurance Co. v. Ewing, 92 Fed. Rep.
111.

4. But plaintiff's instruction number ten carried the case beyond this limit, for it announced to the jury that if plaintiff did take out insurance beyond the point of three-fourths of the value he could still recover, though only in a proportionate amount. This could only be justified by the terms of the policy itself, or by the law. It was clearly in the face of both. The policy only consented to three-fourths insurance and prohibited any amount in excess of that, at least unless consent was given. And we have seen that the law only restricts the power of the company to enforce warranties when they relate to immaterial representations.

5. The remaining representation was that stating that he, plaintiff, had not, theretofore, had losses by fire when in fact he had. Whether this was a material representation, we think, was, under the evidence, properly submitted to the jury by instruction number two. The losses which plaintiff had theretofore sustained by fire were when he had no insurance and were the result of fires originating in other buildings with which plaintiff had no connection and were doubtless merely accidental so far as plaintiff was concerned. If his other fires had originated in or on his own premises, especially if there was any matter of suspicion of incendiarism connected therewith, a different question would be presented.

6. If any question of waiver should arise we would say that if defendant, through its agents, *after* becoming aware of its defenses, have led plaintiff into additional expense and trouble in preparing proofs of loss, it would be considered as having waived such defenses of which it was aware at the time. This has been so ruled in Missouri and so it has been likewise ruled in other States. Burnham v. Ins. Co., 117 Mich. 142; Roby v. Ins. Co., 120 N. Y. 517; Weed v. Ins. Co., 116 N. Y. 118; Titus v. Ins. Co., 81 N. Y. 410. The evidence on the subject of waiver, as preserved in the record, is quite indefinite

and unsatisfactory and no issue of this nature was submitted to the jury by the instructions, it being considered, perhaps, that there was not enough evidence to justify it.

7. As before stated, the Law of 1897, quoted above, does not interfere with the force or effect of warranties which are material to the risk. It would, therefore, be good pleading for the answer to allege that the warranties were material to the risk assumed, though it need not be alleged that they were fraudulently made, since, if the matters warranted to be true are material, but false, they will avoid the policy though not fraudulently stated. Heretofore, in this State, it has not been considered that in insurance or any other contracts, warranties could not be asserted against the warrantor unless he made them with intent to cheat and defraud. Our adjudications all show to the contrary.

Defendant's answer fails to allege that the warranties set up therein were material to the risk and but for which the policy would not have been issued. But no objection was made on that account and the case was tried throughout on the theory that the issues were made up. Plaintiff himself, in his instructions, affirmatively submits that question to the jury. It is now too late to insist on such point.

The acts of plaintiff's son were for the plaintiff and should be considered as done by the plaintiff himself. Evidence bearing against this proposition should be excluded. So, as to whether the son read the papers signed by him, he must be taken to have read them. The court's instructions for defendant on these heads were right, but the evidence thereon should have been excluded.

We have had some difficulty in arriving at a conclusion whether the judgment should be merely reversed or whether it should be reversed and the cause remanded. But having concluded from the indefiniteness of the record that all on the

subject of waiver may not have been shown, we think it perhaps better to remand the cause. Reversed and remanded. *Smith P. J.*, concurs; *Gill, J.*, absent.

### ON MOTION FOR REHEARING.

ELLISON, J.—Plaintiff contends that since he had a right to take out other insurance up to three-fourths of the value of the property, and that defendant's consent was not necessary up to that amount, the verdict was for the right party for the reason that the evidence shows, without contradiction by fact or circumstance, that the value of the property, at the time of the fire, was more than $20,000. That being the value, and the additional insurance complained of added to that named in the application being less than three-fourths of $20,000, it follows (as plaintiff insists) that the additional insurance left the total insurance below the amount he had a right to take.

This argument is based on the statement that the evidence of $20,000 value was not contradicted. This statement is not supported by the record. W. S. Dolan, plaintiff's son and agent, who took out this insurance, testified that the invoice of the stock in the preceding February, 1898, was $11,000, yet in his proof of loss he stated that it was $8,600.01; and when asked if the latter statement was correct said: "I don't know." And in his application for this insurance he stated it was $10,000, and that it "will be $16,000, 1-1-99" (January 1, 1899). This application was made only twenty days before the fire and he then stated that while the last inventory was $10,000, the stock would be $16,000 by January 1, which was only two days later than the fire. In other words, on December 9 he expected he would have as much as $16,000 in stock, yet it is said the evidence is uncontradicted that only two days

Dolan v. Mo. Town Mutual Fire Ins. Co.

before that time he had more than $20,000 in stock.

But this is not all.   On the twenty-fifth of July, 1898, he made oath to a "merchants' statement" that the greatest amount of stock on hands between the first Monday in March, 1898, and the first Monday in June, 1898, was *fifteen hundred dollars*.   It may be conceded that tax lists frequently do not represent full value, still we have yet to learn that they are to be wholly disregarded.   The foregoing is amply sufficient to show plaintiff's erroneous view of the evidence.

But in addition to this, witness Bressler for the defense testified that he saw from the plaintiff's books and account data, which plaintiff's son and agent told him were correct, that the value of the stock at the fire was $15,099.40.

That there was substantial evidence to contradict that given for plaintiff as to value, is shown by the plaintiff himself in offering, and the trial court in giving, instructions numbered seven, nine and ten.   And is also shown by instruction number seven given for defendant.

We have given all the points and suggestions made by plaintiff in his different briefs a thorough consideration and are convinced that the judgment we have heretofore ordered should not be disturbed.   The motion will be overruled. *Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.

ON REHEARING.

ELLISON, J.—At the argument on a rehearing of this case counsel for both plaintiff and defendant conceded that the question of waiver was eliminated from the case by a non-waiver agreement signed by the parties just after the fire and before any action had been taken by either.   The plaintiff then took the position that the record showed the verdict to be for the right party, notwithstanding it should be conceded that

instruction number ten was erroneous. Our criticism in the foregoing opinion was not confined to instruction number ten. Instruction number four submits to the jury the question whether other insurance, on the property at the time the present policy was taken, was material to the risk. And number five submits to the jury whether *any* of the false statements contained in the application were material to the risk. These instructions embrace matters which, as stated in the foregoing opinion, should be declared material, as a matter of law, and should not be submitted to the jury.

Plaintiff has argued at length that the verdict demonstrates that the jury found the total insurance was less than three-fourths of the value of the property insured and that as plaintiff had the right to take out as much as three-fourths of the value without notice to defendant, the verdict is necessarily based on a proper foundation. The argument in support of this is somewhat involved and we are not satisfied that it is well founded in fact. It carries with it the concession of some legal phases of the case we are not willing to concede. But be that as it may, the instructions are based on an erroneous interpretation of the law of 1897 before referred to. From this record there is not a particle of doubt but that the jury were impressed throughout that no matter what misstatement plaintiff may have made, it would not affect his right to a verdict, if the jury believed such statement was not material to the risk.

The judgment will be reversed and cause remanded. All concur.