## BENJ. L. WHITE, Respondent,. v. MERCHANTS' INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, March 3, 1902.

1. **Insurance: OWNERSHIP: PLEADING: PROOF: INSTRUCTION.** The insurer must be the owner of the property at the time he takes out the insurance and also at the time of the fire, and however defective the pleading in regard to ownership it must be proved; and instructions failing to require proof of ownership at the time of the insurance as well as at the time of the fire are prejudicial error; and if defendant's instructions make the proper requirement the result is the instructions are conflicting and confusing.

2. ——: ——: ——: **INSTRUCTIONS.** Though an answer be defective in specifically denying ownership in the plaintiff but seeks a forfeiture for failure thereof, it can make no difference since plaintiff has no right to ask that any part of the necessary ownership should be ignored as ownership is always material.

3. ——: ——: ——: **CONSTRUCTION OF POLICY.** The policy was for indemnity on "his stock of merchandise." The petition asserted plaintiff was the sole owner. *Held*, he can not avail himself of partial ownership nor that he meant a "present sole ownership," for whatever his interest it must be the same at the time of both insurance and loss.

4. ——: **STATUTE: WARRANTY: INSTRUCTIONS.** Sections 7973 and 7974, Revised Statutes 1899, that avoid only such warranties as do not materially affect the risk, do not cure the defect in the instruction set out in the opinion.

5. ——:. **EVIDENCE: PROOFS: MISTAKE.** The assignor of an assured in an action on a policy may show that in making the proofs he made a mistake in stating the place of origin of the fire through failing properly to understand the assured.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED.

*Johnson & Bresnehan and Fyke, Yates, Fyke & Snider* for appellant.

(1) The court erred in permitting plaintiff White to testify to conversations between himself and Cunning, and to his understanding from what Cunning said, and that it was a mistake on his part, and that it was not his intention to deceive defendant. (2) It was incumbent on plaintiff to prove that Cunning owned the goods when the policy was issued and at the time of the fire; also their value; also that they were destroyed and in the place where insured. (3) The second instruction given for plaintiff is erroneous. Harness v. Ins. Co., 62 Mo. App. 245. (4) Moreover, instruction No. 2 is in conflict with instruction No. 4 given for defendant. It is impossible to reconcile the two instructions. Evers v. Shumaker, 57 Mo. App. 454; Stevenson v. Hancock, 72 Mo. 612; Frank v. Railroad, 57 Mo. App. 181; Price v. Railroad, 77 Mo. 508; Gregory v. Sitlington, 54 Mo. App. 60; Stone v. Hunt, 94 Mo. 475.. (5) The court erred in giving plaintiff's third instruction and in refusing defendant's fifth instruction.

*H. K. & H. J. West* for respondent.

(1) The misstatement or false swearing to prevent a recovery must be willfully made with respect to a material matter, and with intent to deceive. This has been the rule in this State at least since 1864. Marion v. Ins. Co., 35 Mo. 148; Schutter v. Ins. Co., 62 Mo. 236. (2) It is settled that when a defendant offers a demurrer to plaintiff's evidence which is overruled, and the defendant introduces testimony in his own behalf, he takes the risk of aiding plaintiff's case, waives his demurrer and can not afterwards be heard to complain of its refusal. Guenther v. Railroad, 95 Mo. 286; McPherson v. Railroad, 97 Mo. 253; Felix v.

Bevington, 52 Mo. App. 403. (3) It is alleged in the petition that Cunning was the owner of the goods at the time of the issue of the policy and from that time until they were destroyed by fire. This was not denied by the answer. (4) Defendant's plea that Wheeler had an interest in the goods does not amount to a denial of Cunning's ownership so as to put Cunning on proof of title. But if it does, defendant waived that by failing to stand on its demurrer. (5) The third point relied upon by appellant is that plaintiff's instruction No. 2 is erroneous and that it is in conflict with defendant's instruction No. 4. It is true that plaintiff's instruction No. 2 and defendant's instruction No. 4 are not in exact accord. But it is further true that that is entirely immaterial in this case. R. S. 1899, sec. 865. (6) A warranty in a policy that the property is the property of the assured or is his property, is satisfied if the assured has almost any insurable interest in it. 13 Am. and Eng. Ency. of Law (2 Ed.), 230. All this is true without regard to the recent amendment of the insurance laws of this State. Laws 1897, p. 130, now sections 7973 and 7974, Revised Statutes 1899. (7) Appellant's fourth point is that the burden of proof was on the plaintiff to show that Cunning was the sole owner of the insured property. The defendant relied upon forfeitures. The answer contained no denial of any matter pleaded in the petition. The answer contained only the affirmative defenses grounded upon the forfeitures pleaded. In such case the burden of proof is upon the defendant to prove one or more of its alleged forfeitures. 16 Am. and Eng. Ency. of Law (2 Ed.), p. 955; Hester v. Ins. Co., 69 Mo. App. 186; Forse v. Ins. Co., 41 Mo. App. 116; Jefferson v. Ins. Assn., 69 Mo. App. 126.

ELLISON, J.—Defendant by its policy of fire insurance, insured a stock of goods stored in a certain described building in the town of Marceline as the property of David

W. Cunning.   The goods were afterwards, during the life of
the policy, destroyed by fire.   Cunning thereafter assigned
the policy and claim thereunder to this plaintiff and he re-
covered judgment in the trial court.   There was evidence
tending to show that Cunning was not the sole owner of the
goods when insured and when burned—that one Wheeler was
at least a part owner; and that Wheeler and ·Cunning em-
ployed others to burn the property.   Plaintiff's petition al-
leges that Cunning was sole owner at the time of insurance
and on up to the time of destruction by fire.   The answer
among other things alleged that "the interest of the insured,
D. W. Cunning, was not truly stated in said policy of insur-
ance in this, that it is stated in said policy that said Cunning
was the sole and absolute owner thereof, whereas in truth
and in fact one Wheeler had an interest in said property in-
sured by said policy; by reason whereof plaintiff is not enti-
tled to recover."

The policy itself states in relation to ownership the fol-
lowing:   "One thousand dollars on his stock of merchandise,
consisting principally of dry goods and notions, situated in a
two-story frame building, shingle roof, situated on lot 25,
block 157, Marceline, Missouri, and such other goods as are
usually kept for sale in a dry goods and notion store—all only
while contained in said building.   .   .   .

"The entire policy shall be void   .   .   .   if the in-
terest of the insured in the property be not truly stated
herein.   .   .   ."

The court, over defendant's objection, gave the follow-
ing instructions for plaintiff:   "If you believe from the evi-
dence that on the twenty-third day of December, 1899, the
stock of goods insured under the policy sued on was burned
and destroyed by fire in the building in which the same was
insured, and that D. W. Cunning was the absolute owner of
said goods at that time, then you are instructed that you are
bound to find for the plaintiff, unless you further find from

a preponderance of the evidence that the said D. W. Cunning willfully and knowingly made false statements in his proofs of loss as to the origin of said fire or his knowledge and belief concerning the same, or unless you find from a preponderance of the evidence that said Cunning caused and procured said fire to be set.

"3.   The court instructs the jury that you are bound to find for the plaintiff unless defendant has shown, by a preponderance of the evidence, that D. W. Cunning was not the sole owner of said stock of goods at the time they were burned, or that said Cunning caused or procured the burning of said goods, or that said Cunning willfully and knowingly made a false statement or statements under oath in his proofs of loss with reference to the origin of said fire or his knowledge or information with reference thereto."

The court, at the instance of defendant, gave the following instruction: "The court instructs the jury that if you find from the evidence that the insured, Cunning, at the time the policy was issued, or at the time of the fire, was not the sole owner of the property insured, plaintiff is not entitled to recover and your verdict will be for defendant."

The law is that the assured must be the owner of the property at the time he takes out the insurance and also, of course, at the time it is destroyed by fire.   Harness v. Ins. Co., 62 Mo. App. 245, and cases cited; Scott v. Ins. Co., 65 Mo. App. 75.   In Gustin v. Ins. Co., 90 Mo. App. 373, we overruled these cases as to their stating that the petition not alleging ownership specifically was fatally defective after verdict.   But the rule as to what is necessary to prove has not been disturbed.   See also same case in Supreme Court, decided June, 1901, 164 Mo. 172.   In this case it will be seen that the plaintiff's instructions above set out entirely ignore the question whether Cunning owned the goods at the time he took out the policy and directed a verdict, so far as the point of ownership is concerned, if he merely owned them at

the time of the fire.   This was clearly error and under the tendency of the proof, as above stated, highly prejudicial error.

Defendant's instruction above set out, makes ownership necessary both at time of the insurance and of the fire.   It states the law correctly, and being thus in contradiction of those for plaintiff, would naturally tend to confuse the jury.

But plaintiff says that defendant did not deny the ownership in its answer.   There perhaps should have been a specific denial.   But the plea aforesaid does set up that plaintiff was not the sole owner and that one Wheeler had an interest therein.   So the issue was thus effectively made by the pleadings and was followed by the evidence of the parties tending to support both theories.   It therefore makes no difference whether defendant, by the peculiarity of its plea failed to specifically deny ownership as alleged in the petition, but set up forfeiture by reason of lack of ownership; the instructions are as faulty under one view as the other.   It can make no difference on whom the burden lay by this answer, as to ownership; plaintiff had no right to ask that any part of the necessary ownership should be ignored.   Nor will it do, as suggested by plaintiff in the third division of his brief, to say that this was immaterial.

It will be noticed that the policy describes ownership in this way:   "One thousand dollars on *his* stock of merchandise consisting," etc.   From this, plaintiff contends that any degree of insurable interest in him will meet such representation of ownership in the policy.   Conceding such would be the case under the terms of this policy above set out as influenced by Mers v. Ins. Co., 68 Mo. 127, 132, it would not avail him in this case, for by his petition he asserts and tenders the issue that he was the "sole owner."   Nor would it avail him if he had not thus declared that by the expression, "his stock of merchandise," he meant to say a present sole

ownership. For though he was only part owner, he must be such part owner both at time of insurance and loss.

Plaintiff further seeks to avoid the fatal consequence of these instructions, by reason of the Act of 1897, now secs. 7973 and 7974, Revised Statutes 1899. That law only avoids such warranties of the assured as do not materially affect the risk. Whether in a given case they do affect the risk, is a question for the jury, except in such clear cases as can be declared upon by the court, as a matter of law. Dolan v. Ins. Co., 88 Mo. App. 666. Conceding the statute just cited is applicable to this, the instructions are still faulty, for they omit all question of whether the misrepresentation was material to the risk.

We do not decide what effect the statement of an assured "his stock of merchandise" has as a representation of title or ownership under the requirement of the policy like the one in suit. We have accepted such statement in this case as interpreted by plaintiff himself in his petition.

It seems that the plaintiff made out the proofs of loss for Cunning and that there was a misstatement in such proofs as to where the fire originated. Plaintiff sought to show that he made the misstatement through misunderstanding, and that it was not Cunning's misstatement. In stating this in his testimony he told that Cunning told him where the fire originated that he might write it down, but he made the mistake. We can see no objection to this in the connection in which it arose.

Otherwise than as indicated herein we have not discovered any error. The judgment will be reversed and cause remanded. All concur.