## S. E. HANNA & COMPANY, Appellant, v. THE ORIENT INSURANCE COMPANY, Respondent.

### Kansas City Court of Appeals, November 7, 1904.

1. **INSURANCE: Iron-Safe Clause: Elimination of.** Where the jury finds that the iron-safe clause is not material to the risk, the effect is to strike such condition from the policy.

2. ———: **Material to the Risk: Evidence: Jury Question.** The question of what is material to an insurance risk is for the jury and evidence of an insurance expert as to whether a certain clause in a policy is under the facts material to the risk is probably unexceptionable and under the facts in this case it is held non-prejudicial.

3. ———: **Valued Policy: Concurrent Policies: Evidence.** Where an inventory, made a few days before the issuance of the policy, is consumed by fire, parol evidence is admissible to show the amount and value of the stock, and, under the statute forbidding taking a greater risk than three-fourths of the value of the insured property, the policy is a valued policy, and this is so whether there are concurrent policies by different companies on the same property, or a single policy.

Appeal from Johnson Circuit Court.—*Hon. Wm. L. Jarrott,* Judge.

REVERSED (*with directions*).

*J. W. Suddath* for appellants.

(1) The agent who solicited this insurance countersigned and delivered the policy and collected the premium, had authority to make a waiver and under the facts in this case waived the "iron-safe clause" and keeping of books. Bush v. Ins. Co., 85 Mo. App. 155; Trust Co. v. Ins. Co., 79 Mo. App. 362; Ross-Langford v. Ins. Co., 97 Mo. App. 87; Ormsby v. Ins. Co., 98 Mo. App. 371; Rickey v. Ins. Co., 79 Mo. App. 485; James v. Ins. Co., 148 Mo. 1. (2) Under section 7979, Revised Statutes 1889, this was and is a valued

policy, and the value of the stock was fixed by the taking of the policy. Gibson v. Ins. Co., 82 Mo. App. 515. (3) All warranties of any facts or condition in policies in any policy issued since 1897, which shall not materially affect the risk insured against shall be deemed as representations only. R. S. 1899, sec. 7974. (4) What is material to the risk insured against is always a question for the jury. Kern v. Ins. Co., 40 Mo. 20; Boggs & Leath v. Ins. Co., 30 Mo. 67; Schroeder v. Ins. Co., 46 Mo. 178; Schultz v. Ins. Co., 57 Mo. 331, l. c. 337; Atherton v. Ins. Co., 39 Atl. 1006; Levie v. Ins. Co., 39 N. E. 792; Dolan v. Ins. Co., 88 Mo. App. 666; White v. Ins. Co., 93 Mo. App. 282. (5) A person with long experience in the insurance business is competent to give his opinion as to materiality to the risk, of the facts or condition complained of. Kern v. Ins. Co., 40 Mo. 20.

*Fyke Bros., Snider & Richardson* for respondent.

(1) The action of the court in granting a new trial was proper. The court erred in admitting evidence of so-called experts upon the question whether or not the iron-safe and book clause was material. If there was any question of fact as to the materiality of the condition, such question was for the jury, and not for the witnesses. (2) It was not proper subject-matter of expert testimony. Kirby v. Ins. Co., 9 Lea (Tenn.) 142; Ins. Co. v. Dwyer, 1 Posey (Tex.) 441; Thorpe v. Ins. Co., 70 Mo. 531; Ins. Co. v. Catheral, 7 Wenk 72; Joyce v. Ins. Co., 4 Maine 168; Dry Goods Co. v. Ins. Co., 74 S. W. 468; Desoto v. Ins. Co., 74 S. W. 1. For distinction between warranty and representation, see McDermott v. Ins. Co., 97 Mo. App. 647. (2) The court erred in giving plaintiffs' instruction 2 for the foregoing reasons, and because it ignores the three-quarter clause in the policy. Willis v. Company, 95 Mo. App. 211; Roberts v. Ins. Co., 94 Mo. App. 150.

SMITH, P. J.—This is an action which was brought on a fire insurance policy insuring a stock of merchandise in the sum of $800. The answer admitted the issue of the policy, the payment of the premium, the fire and the loss. It denied all liability and especially pleaded a condition of the policy commonly known as the "iron-safe clause" to the effect that, "the assured under the policy hereby covenants and warrants to keep a set of books, showing a complete record of business transacted including all purchases and sales, both for credit and cash, together with the last inventory of stock insured; and further covenants and warrants to keep such books and inventory securely locked in a fire-proof safe at night and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the house where such business is carried on; and in case of loss, the assured warrants and covenants to produce to this company or its agent or attorney, such books and inventory, and in event of failure to produce the same, this policy shall be deemed null and void, and no suit or action shall be maintained thereon for any such loss."

The answer further alleged that the plaintiffs wholly failed to comply with the requirements of said clause so pleaded, and that, in consequence thereof, they were not entitled to recover. It was also therein further alleged that the said condition was material.

The replication denied that the said condition was material to the risk insured against. It alleged that plaintiffs did keep a set of books showing a complete record of business transacted, including all purchases and sales for cash or credit, together with the last inventory of the stock insured, and that they kept said books in another building where one of the plaintiffs resided except when the store was actually open for business. It is further alleged that defendant's agent who issued the policy sued on had full knowledge of

the kind and character of plaintiffs' books and where such books, as well as the inventory of the store, were kept and where the same were expected to be kept; that defendant's said agent knew that plaintiffs did not have an iron safe; that plaintiffs told him where they kept and expected to keep their said books and inventory and that he assented to their being so kept; and with this understanding the plaintiffs paid the premium to him and accepted the policy, by which acts the defendant, through its agent, waived all the rights to claim any benefit of said condition pleaded by the answer, etc.

There was a trial to a jury resulting in a verdict for plaintiffs. Afterwards, the court on motion of defendant made an order setting aside the verdict on the ground, as appears from the record, that it had erred in the admission of testimony offered by the plaintiffs and in giving instructions requested by them. The plaintiffs appealed from this order.

The instructions given for both plaintiffs and defendant submitted to the consideration of the jury the issue of waiver of the conditions of the iron-safe and book clause of the policy. There was an all-round concession that there was sufficient evidence to carry the case to the jury on that issue. An examination of the record has convinced us that the evidence there preserved was ample to justify a submission of the issue. The effect of the finding of the jury on this issue in favor of the plaintiffs was to strike that condition from the policy. The policy as found by the jury is not different from that containing no such condition. The numerous adjudications cited in plaintiffs' brief fully sustain this conclusion.

No instruction save that to be presently noticed was requested by either party submitting to the jury any issue other than that of waiver of the iron-safe condition. It is true that plaintiffs introduced several witnesses who were experienced in the business of

fire insurance. The plaintiffs in the examination of these witnesses read to them severally the iron-safe and book condition of the policy and were then permitted to inquire of them whether or not with that condition in the policy, if when the policy was issued there was $1,300 insurance on the stock of goods and the law fixed the value of such stock by reason of said policy at $1,300 and a fire occurred eighteen days after the date the policy was issued, there having intervened two Sundays, leaving sixteen business days, and the evidence showed the average daily sales amounted to $150 per month, it would be material to the risk. It seems to be the consensus of judicial opinion in this jurisdiction that the question of what is material to the risk is for the jury to determine, except in such clear cases as can be determined by the court as a matter of law. White v. Ins. Co., 93 Mo. App. 282; Dolan v. Ins. Co., 88 Mo. App. 666; Kern v. Ins. Co., 40 Mo. 19; Boggs & Leathe v. Ins. Co., 30 Mo. l. c. 67; Schroeder v. Ins. Co., 46 Mo. 174 l. c. 178; Schultz v. Ins. Co., 57 Mo. 331, l. c. 337; Atherton v. Ins. Co., 39 Atl. (Me.) 1006; Levie v. Ins. Co., 39 N. E. (Mass.) 792. And in view of the ruling in Kern v. Ins. Co., 40 Mo. 19, the hypothetical question already referred to was probably unexceptionable.

But if, as the defendant contends, there was included within its hypotheses erroneous conclusions of law in that the law did not fix the value of the plaintiffs' stock of merchandise at any amount, yet, as no issue as to whether or not the iron-safe and book condition of the policy was material to the risk, was submitted to the jury by either party, but, on the contrary, was abandoned, it is difficult to see how the testimony given by the expert witnesses in response to the hypothetical question propounded to them in any way influenced the action of the jury in determining the issue that was submitted to and passed upon by it. Manifestly, this expert testimony could not have had

any bearing on the issue of waiver. It was foreign to that issue and, whether relevant to the issues made by the pleadings or not, it was immaterial and harmless if the iron-safe and book condition had been, as the jury found, eliminated from the policy by the waiver agreement entered into between the plaintiffs and the policy-writing agent of the defendant. Suppose the court had sustained the defendant's objections to the expert testimony and excluded the same, would the result have been different? Manifestly not. The conclusion is irresistible that the admission of the expert testimony was in no way prejudicial to the defendant. We are expressly forbidden by the statute to overthrow a judgment in such a case. The admission of the expert testimony by the trial court, even if erroneous, furnished no ground for disturbing the verdict of the jury in such a case.

It is urged that the court erred in giving the plaintiffs' second instruction, which told the jury that the value of the stock of goods insured was by law fixed at the taking out of the policy at the sum of not less than $1,733.33 1-3, and that it would find this to be the value, unless it further found from the evidence that between the date of the issue of the policy and that of the fire, more goods had been taken out of said stock than had been added to it, and that the burden of proving that plaintiffs added more goods to said stock than they took out devolved on them; and that in arriving at the whole amount of damages sustained by reason of the fire, the jury should find the value of the whole stock of goods destroyed by the fire as previously indicated and assess the damages of the plaintiffs on the policy at (8-13ths) eight-thirteenths of the whole amount sustained, not to exceed $800, with six per cent interest from the date of the denial of all liability.

It was disclosed by the evidence that on October 3, 1900—three days before the issue of the policy—the

plaintiffs made an inventory of their stock which showed the value thereof to be $2,300. This inventory, plaintiff Hanna testified, was consumed by the fire which consumed the subject of the insurance, and could not for that reason be produced at the trial. Under such circumstances, the parol evidence as to the amount and value of the stock destroyed by the fire was properly admitted by the court. Brookshier v. Ins. Co., 91 Mo. App. 599.

The undisputed evidence further disclosed that twenty-one days intervened between the date of taking the inventory and that of the sixteen sales or business days already referred to; that the plaintiffs' average sales amounted to about $150 per month and that the additions made to the stock between these dates was about $160. The undisputed evidence still further disclosed that the plaintiffs before the issue of the policy sued on had taken out a policy on their stock for $500 in another insurance company of which Craig, the agent of defendant writing the plaintiffs' said policy, was agent also for the other company, so that the two policies so issued amounted to $1,300. Since the testimony of the plaintiff Hanna that the stock of merchandise three days before the issue of the policy inventoried $2,300 and that between the date of such inventory and that of the fire the stock was not appreciably increased or diminished stands uncontradicted, it may well be assumed that the value of the stock at the date of the issuance of the insurance on it by defendant was $2,300.

The statute expressly prohibits insurance companies from taking a risk on any property at a ratio greater than three-fourths of the value thereof, and in the same connection provides that the property's value shall not be questioned in any proceeding. Revised Statutes 1899, section 7979. The policy here is, therefore, in effect a valued policy and the value of the

merchandise as fixed by it is not open to question in this action. Gibson v. Ins. Co., 82 Mo. App. 515.

Since the amount of the two policies on the plaintiffs' stock of merchandise was $1,300, and since the value of such stock at the time of the issue of the policy sued on was $2,300, it must needs follow that the value of such stock at the time of its destruction by the fire was not less than three-fourths of the latter amount of $1,733.33 1-3. And the court by its instruction number two for plaintiffs properly so instructed the jury. This is the logical and inevitable effect of the provisions of section 7979 as construed by us in Gibson v. Ins. Co., already cited. Nor can we see that any other statute is required to accomplish this result. This instruction properly imposed on the plaintiff the burden of showing that the stock of goods so insured had not been reduced between the date of the issue of the policy and that of the fire. The evidence was undisputed that the additions to the stock during this period were at least equal to the subtractions from it. The only question of fact open to inquiry by the jury was whether or not there had been any reduction in the quantity of the stock of goods between the date of the issue of the policy and that of the fire, and this was submitted by plaintiffs' instruction number two.

If it be true under the provisions of section 7979, Revised Statutes, where an insurance company takes a risk on any kind of personal property and a total loss ensues, that it cannot dispute that the amount of the risk was not greater than three-fourths of the value of the subject of it, we cannot see why a different rule would obtain where the insurer takes two or more risks on the same subject. No good reason is seen why the three-fourths statutory rule as to the value of the subject of the risk may not, with equal propriety, be invoked and applied in cases where there are several policies, covering the same subject, as where it is covered

by a single policy. Any other construction would so restrict the application of the statute as to render it very nearly nugatory. And for this reason, if for no other, we can not uphold the contention of the defendant.

An examination of the record before us has not convinced us that the trial court committed any error prejudicial to the defendant, either in the admission of evidence or the giving of instructions, and, therefore, its action in setting aside the verdict of the jury cannot be approved. The order appealed from will accordingly be reversed with directions to enter judgment for plaintiff. All concur.