CONNECTICUT FIRE INS. CO. v. MANNING et al.*

(Circuit Court of Appeals, Eighth Circuit. March 26, 1908.)

No. 2,688.

1. INSURANCE—WARRANTIES—REPRESENTATIONS—WARRANTIES MATERIAL TO RISKS.

Sections 7973, 7974, and 7975, Rev. St. Mo. 1899 (Ann. St. 1906, pp. 3791, 3792), provide that warranties of facts or conditions in certain applications for and in certain policies of insurance shall, if not material to the risks insured, be deemed representations only.

Warranties of facts or conditions in the applications for or in the policies of insurance specified in these sections which are material to the risks thereunder are unaffected by these provisions of the statutes.

2. SAME—MATERIALITY OF WARRANTY WHEN QUESTION FOR COURT AND WHEN FOR JURY.

The materiality of any such warranty to the risk taken under it is a question for the court as a matter of law in every case where the character of the warranty or the entire evidence relative to the materiality is such that a decision but one way may be lawfully sustained by the court.

It is for the jury when all the admissible evidence is such that a decision either way may be lawfully sustained by the court.

[Ed. Note.—For cases in point, see Cent..Dig. vol. 28, Insurance, §§ 1735, 1758.]

3. SAME—WARRANTY REGARDING INCUMBRANCE MATERIAL AS A MATTER OF LAW.

A warranty regarding the existence or the amount of the incumbrance upon the property insured thereunder is material to the risk as a matter of law.

Knowledge by the underwriter whether or not there is an incumbrance upon the property he insures and of the amount of any existing incumbrance thereon is always material to the risk.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 636–651.]

4. SAME—FACTS—CONCLUSION.

One of the conditions of a policy was that "if the interest of the assured be or become other than the entire unconditional, unincumbered and sole ownership of the property, * * * this policy shall be void, unless otherwise provided by agreement indorsed hereon." It was not otherwise provided by agreement indorsed thereon, and there was an incumbrance of $400 and interest upon the property. Conceding, as counsel for the plaintiff claimed, that this condition constituted a warranty, it was material to the risk as a matter of law, and the court erred in submitting the question to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 636–651.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Southeastern Division of the Western District of Missouri.

Thomas T. Fauntleroy (Shepard Barclay, R. B. Oliver, and R. B. Oliver, Jr., on the brief), for plaintiff in error.

Edward Robb, for defendants in error.

Before SANBORN and ADAMS, Circuit Judges, and PHILIPS, District Judge.

*Rehearing denied May 4, 1908.

SANBORN, Circuit Judge. The defense to an action upon a policy of insurance against fire upon property in the state of Missouri was that the policy contained a condition that "if the interest of the assured be or become other than the entire unconditional, unincumbered and sole ownership of the property, * * * this policy shall .be void, unless otherwise provided by agreement indorsed hereon," that the interest of the assured was incumbered by a trust deed made to secure the payment of a promissory note of $500, upon which more than $400 was owing, and there was no provision indorsed upon the policy regarding the incumbrance. The property insured by the terms of the policy was the interest of the assured in a dwelling house. The amount of the insurance was $3,000. The land on which the house stood and the other buildings thereon were worth $500. Certain statutes of the state of Missouri read in this way:

"Sec. 7973. That the warranty of any fact or condition hereafter made by any person in his or her application for insurance against loss by fire, tornado or cyclone, which application, or any part thereof, shall thereafter be made a part of a policy of insurance, by being attached thereto, or by being referred to therein, or by being incorporated in such policy, shall, if not material to the risk insured against, be deemed, held and construed as representations only, in any suit brought at law or in equity in any of the courts of this state, upon such policy to enforce payment thereof, on account of loss of or damage to any property insured by such policy.

"Sec. 7974. That the warranty of any fact or condition hereafter incorporated in or made a part of any fire, tornado or cyclone policy of insurance, purporting to be made or assented to by the assured which shall not materially affect the risk insured against, shall be deemed, taken and construed as representations only in all suits at law or in equity brought upon such policy in any of the courts of this state.

"Sec. 7975. No insurance company, corporation or association of persons doing a fire, cyclone or tornado insurance business in this state, shall have the right, power or authority, by contract or otherwise, to contract against or in any manner whatever evade the provisions of sections 7973 and 7974 of this article." Revised Statutes of Missouri 1899 (Ann. St. 1906, pp. 3791, 3792).

Upon this state of facts and statutes the court below refused to instruct the jury to return a verdict for the defendant below, and charged them that, if they believed from the evidence that the incumbrance was material to the risk, they should return a verdict for the defendant, and if they found from the evidence that the mortgage effected by the trust deed was not material to the risk they should return a verdict for the plaintiff. They found for the plaintiff, and the ruling of the court is assigned as error.

For the purpose of the determination of this case it will be conceded, but it is not decided, that the contention of counsel for the plaintiff below that the stipulation quoted from the policy constituted a warranty is sound, although it seems that it was a mere description by exclusion of the property insured, and not a warranty of any fact or condition relating thereto. Syndicate Ins. Co. v. Bohn, 12 C. C. A. 531, 537, 65 Fed. 165, 171, 27 L. R. A. 614, and cases there cited. The plaintiff's counsel argue that the ruling challenged is not open to consideration in this court because there was no pleading that the mortgage was material to the risk, but no objection of this nature was made in the court below, and the issue of its materiality was tried and de-

cided by the jury at the request of counsel for the plaintiff. It is too late to object for the first time in an appellate court to the sufficiency of a pleading to raise an issue which was tried and submitted to the jury below with the consent of the objector. Dolan v. Mo. Town Mutual Ins. Co., 88 Mo. App. 666, 673, 675.

The statutes of Missouri which have been quoted provide that warranties in applications for and in policies of insurance of facts or conditions that are not material to the risks taken thereunder, shall be deemed representations. As the expression of one is the exclusion of the other, warranties of facts or conditions which are material to the risks cannot be deemed representations, they remain what they in fact are—warranties by the terms of these sections. But how shall the question whether a given warranty is material or immaterial be determined? Evidently by the course of the common law, for there is no statute which modifies it, by the court when the nature of the warranty is such, or the entire evidence regarding the materiality is so conclusive that a decision but one way may be lawfully sustained, by the jury where all the competent evidence is so inconclusive that a decision either way may be lawfully sustained. Aloe v. Ins. Co., 147 Mo. 561, 579, 49 S. W. 553; March v. Ins. Co., 186 Pa. 629, 40 Atl. 1100, 1101, 65 Am. St. Rep. 887; Brown v. Greenfield Life Ass'n, 172 Mass. 498, 503, 53 N. E. 129; Dolan v. Mo. Town Mutual Fire Ins. Co., 88 Mo. App. 666, 673; White v. Merchants' Ins. Co., 93 Mo. App. 282, 288; Hanna & Co. v. Orient Ins. Co., 109 Mo. App. 152, 156, 82 S. W. 1115.

Thus in Aloe v. Ins. Co., 147 Mo. 561, 579, 49 S. W. 553, the Supreme Court of that state held under these statutes that false warranties by the assured that he had applied and been rejected by 2 insurance companies when he had been rejected by 6, and that he had not consulted or been treated by a physician for 30 years, were material to the risk of his life insurance as a matter of law, and it reversed a judgment for the plaintiff which had been rendered on the ground that these were representations, and entered a judgment for the defendant. In Dolan v. Mo. Town Mutual Ins. Co., 88 Mo. App. 666, 672, the Court of Appeals held that a false warranty of the amount of insurance was material to the risk as a matter of law, and reversed a judgment because the trial court submitted that question to the jury. On the other hand, in Hanna & Co. v. Orient Ins. Co., 109 Mo. App. 152, 82 S. W. 1115, there is a decision that the question whether or not the iron-safe clause is material to the risk taken under a policy which contained it is for the jury, and the court said that the consensus of judicial opinion in Missouri was that the question of what is material to the risk is for the jury, except in such clear cases as can be determined by the court as a matter of law, and it cited several decisions to that effect.

The question in this case, then, is whether the materiality to the insurance risk of a false warranty of no incumbrance upon the property insured is a question of law for the court or a question of fact for the jury. It is not, however, in reality whether or not the amount of the incumbrance actually existing is material, but whether or not a knowl-

edge by the underwriter of the condition of the title regarding incumbrances is material to the risk as a matter of law, for this contract is that the company insures the interest of the assured unincumbered, save as specified in writing in the policy, and no incumbrance was specified.

The property insured against fire in this policy, and in like policies of insurance ordinarily, is not the real or personal property described therein, but it is the interest of the assured in that property. The extent of his interest is therefore necessarily material to the risk which the underwriter assumes. The moral hazard is one of the main elements, if not the chief element, of an insurance risk, and it is never negligible. It is always material to the risk. Moral hazard is but another name for a pecuniary interest in the assured to permit the property to burn. Statistics, experience, and observation all teach alike that the moral hazard is least when the pecuniary interest of the assured in the protection of the property against fire is greatest, and the moral hazard is greatest when the assured may gain the most by the burning of the property. The extent of the interest of the assured in the property insured measures the moral hazard, and hence is always material to the risk of the insurance. But any incumbrance upon the interest of the assured diminishes that interest by the amount of the incumbrance and thus becomes itself material to the risk. The responsibility of the assured, his ability to pay the premiums upon his policy, is another important consideration to the underwriter, and the extent of his interest in the insured property, the incumbrance upon it, and his indebtedness on account of that incumbrance tend clearly to show his responsibility, and in that way are material to the risk. The parties to a contract are as important as its terms, and the parties interested in property insured are little less material than the parties to the policy itself. Equitable Life Assur. Society v. McElroy, 83 Fed. 631, 641, 28 C. C. A. 365, 375. An insurance company might willingly insure unincumbered property of a citizen of high character when it would hesitate or refuse to insure it when it was incumbered, unless it knew that the mortgagee was also of good reputation and neither a fire bug nor a rascal. Moreover, courts cannot be, and ought not to be, blind to the common knowledge and judgment of men engaged in a long-established and familiar business upon a business question, and their opinions, whenever they are evidenced by a well-known and uniform practice, and are portrayed by the decisions of the courts, are always persuasive, if not convincing. Insurance contracts and applications for insurance, the opinions of the courts regarding them for more than 50 years, and the familiar practice of the present day, demonstrate the fact that parties to contracts of insurance during all this time have deemed knowledge by the underwriter and a warranty and representation by the assured regarding the incumbrances upon the property insured material to the risks of its insurance, for they have given and received statements or agreements concerning them as bases for policies of indemnity during all this time. Finally, the parties to this contract were of the same opinion, for by the terms of this policy they limited the insurance to the unincumbered interest of the assured.

In Columbian Ins. Co. v. Lawrence, 2 Pet. 25, 48, 7 L. Ed. 335, the Supreme Court held that a misrepresentation regarding title to insured property was material to the risk as a matter of law, and said:

"Underwriters do not rely so much upon the principles as upon the interest of the assured, and it would seem therefore to be always material that they should know how far this interest is engaged in guarding the property from loss."

The question whether the knowledge of the underwriter and the warranty or representation regarding the amount of incumbrance upon insured property are material to the risk as a matter of law has arisen and been decided most frequently in cases involving representations, because the materiality of a warranty in the absence of modifying statutes like those of Missouri is legally unquestionable. We turn therefore to those decisions for authoritative declarations of the law upon this subject.

In 1846, a corporation of the state of New Hampshire issued a policy of insurance upon an application in which the assured had answered in the negative the question, "Is the property incumbered," when there were two mortgages upon the insured property which was situated in the state of Massachusetts. The plaintiff met the defense that the policy was avoided by the misrepresentation with the assertion that it was immaterial because the corporation would have no lien upon the property for its premiums in any event. The Supreme Judicial Court of Massachusetts answered this contention in these words:

"But, irrespective of the lien, whether the defendants would or would not have one, the misrepresentation was clearly a material misrepresentation. It was material for the insurers to know of the incumbrances, in reference to the responsibility of the insured, and his ability to meet his engagements to the company; it was material to know who was interested in or had any title to the estate; but more particularly and especially was it material for the defendants to know what interest the plaintiff himself had in the premises, and whether his estate was incumbered or unincumbered. It is manifest that the defendants deemed this information material; and they put the direct question, and it was a proper and a practical question; and it was material that the plaintiff should answer it truly. The plaintiff, having given an untrue answer, whether by accident, mistake, or design, it matters not, to a direct, plain, and practical question, cannot now be heard to say it was immaterial." Davenport v. New England Mutual Fire Ins. Co., 6 Cush. (Mass.) 340, 341.

In 1859, one Patten had stated falsely in his application for insurance in answer to an inquiry made by the underwriter that the property insured was not incumbered by mortgage or otherwise, and the application contained a covenant that his answers were true so far as material to the risk. His counsel contended that the misrepresentation was not material, that "whether there has been such a misrepresentation as will avoid the policy is for the jury," and cited Ins. Co. v. Snyder, 16 Wend. (N. Y.) 482, 30 Am. Dec. 118; Fletcher v. Ins. Co., 18 Pick. (Mass.) 420; Ins. Co. v. Cotheal, 7 Wend. (N. Y.) 73, 22 Am. Dec. 567. But the Supreme Judicial Court of New Hampshire said:

"We think it clear that, when the title of the insured is made the subject of special inquiry by the insurers, in reference to the existence of incumbrances upon it, the matter becomes material, and the representation is material to the risk, not so much because, if false, the property as represented would

seem to be less exposed to conflagration than it actually is in its true condition, but because the matter which is the subject of the misrepresentation is material to be fairly and truly disclosed, in order to enable the company to judge correctly in reference to the propriety of assuming the risk, and the terms upon which it is to be taken. The article of the rules and regulations which declares that the policy shall be void if the application does not contain a full, fair, and substantially true representation of all the facts and circumstances respecting the property, so far as they are material to the risk, is to be construed in the same sense, as equivalent to saying, so far as it may be material to the company to know them, in order to estimate the risk correctly. The materiality of the facts and circumstances is not to be understood as limited to their direct effect, in exposing the property to more or less danger from fire, but as extending to all other considerations necessarily affecting the nature and character of the risk. These views are fully sustained by the authorities cited by the defendants' counsel, and they would seem to be decisive of the case. There is nothing for the jury upon this point, as the falsity of the representation is admitted, and its materiality appears as matter of law." Patten v. Ins. Co., 38 N. H. 338, 345.

In 1883 one Brehm made the same answer to the same question when there was a mortgage of $450 and interest upon the property insured. The Supreme Court of Indiana quoted with approval a paragraph which appears in the second edition of Wood on Fire Insurance at section 120, and the cases which have been reviewed and held that the representation was material to the risk as a matter of law. Indiana Insurance Co. v. Brehm, 88 Ind. 578, 581.

In Vankirk v. Citizens' Ins. Co., 79 Wis. 627, 48 N. W. 798, 799, a case in which no question had been asked or answered, and no condition or stipulation regarding incumbrances had been made, but in which there was an alleged breach of a covenant that no fact material to the risk had been concealed, the Supreme Court of Wisconsin said of an incumbrance of $1,035 which had not been disclosed:

"The existence of the mortgage was a fact material to the risk and no proof of its materiality was necessary. Hence it was not error to exclude such proof which the circuit court did. Such proof would have been inconsequential."

In Byers v. Ins. Co., 35 Ohio St. 606, 614, 35 Am. Rep. 623, the condition in the policy was that any false representation material to the risk should avoid it. The assured had represented that a mortgage on the property was $2,000 when it was $3,440. The Supreme Court of Ohio held that this misrepresentation was material to the risk as a matter of law.

In Lee v. Agricultural Ins. Co., 79 Iowa, 379, 44 N. W. 683, 684, error was assigned because the court below refused to admit evidence that a chattel mortgage for $125, to secure the mortgagee as surety for the debt of another which he had not yet been called upon to pay, was immaterial to the risk, and to submit that question to the jury, but the court said:

"The giving of the chattel mortgage is, beyond question, an increase of the risk, and a decrease of the defendant's security, because thereby the assured lessened his interest in the insured property. It makes no difference that a right of action had not accrued upon the mortgage. It was a depletion of the assured's interest in the property, to the extent thereof, from its execution and delivery."

To the same effect are Shoemaker v. Glenns Falls Ins. Co., 60 Barb. (N. Y.) 84, 101; Hinman v. Hartford Fire Ins. Co., 36 Wis. 159; Fuller v. Madison Mutual Ins. Co., 36 Wis. 604; Ryan v. Fire & Marine Ins. Co., 46 Wis. 671, 1 N. W. 426, 428.

And in Brennen v. Connecticut Fire Ins. Co., 99 Mo. App. 718, 720, 74 S. W. 406, a case decided in 1903, six years after the statutes on which the plaintiff relies were enacted, the Court of Appeals held that a false warranty of no incumbrance, when there was a mortgage of $421 upon the property, was material to the risk as a matter of law and fatal to the policy, unless it was waived, and said:

"It has been repeatedly held that the existence of a mortgage upon property at the time of insurance, contrary to the terms of the policy and contrary to the warranty in the application that the property was not so mortgaged, rendered the policy void. Walker v. Ins. Co., 62 Mo. App. 209; American Ins. Co. v. Barnett, 73 Mo. 364, 39 Am. Rep. 517; Crook v. Ins. Co., 38 Mo. App. 582; Boggs v. Ins. Co., 30 Mo. 63."

In opposition to this array of authorities counsel cite Phenix Ins. Co. v. Coomes (Ky.) 20 S. W. 900, in which that court held as a matter of law that a lien of $600 on the insured property was not material to the risk of the insurance, and there is a decision of the Supreme Court of South Dakota that as a matter of law a slight variance in the amount of an incumbrance from the amount stated by the assured is not material to the risk in McNamara v. Dakota Fire & Marine Ins. Co., 1 S. D. 342, 47 N. W. 288. It may be that from the multitude of decisions upon insurance policies opinions may be found to the effect that the materiality to the risk of a warranty or a representation regarding the incumbrance upon the property insured is a question for the jury. However that may be, the long-established and familiar rule of law, the more convincing reasons, and the great weight of commanding authority are otherwise, and after a careful consideration of the question which is involved in this case our conclusions are these:

Under sections 7973, 7974, and 7975 of the Revised Statutes of Missouri 1899 (Ann. St. 1906, pp. 3791, 3792), warranties of facts or conditions in applications for or policies of insurance there specified which are material to the risks taken thereunder are unaffected by these provisions of the statutes. The materiality of any such warranty to the risk taken under it is a question for the court as a matter of law in every case where the character of the warranty, or the entire evidence relative to the materiality is such that a decision but one way may be lawfully sustained by the court. It is for the jury where all the admissible evidence is such that a decision either way may be lawfully sustained by the court.

The materiality to the risk of a warranty regarding the existence or the amount of an incumbrance upon the property insured thereunder is a question of law for the court. A warranty regarding the existence or the amount of an incumbrance upon property insured thereunder is material to the risk as a matter of law. Knowledge by the underwriter whether or not there is an incumbrance upon the property he insures, and of the amount of any existing incumbrance thereon, is always material to the risk as a matter of law. The court below fell into an error in submitting the question of the materiality of the warranty that there

was no incumbrance upon the insured property to the jury, and the judgment must be reversed, and the case must be remanded to the court below for another trial.

It is so ordered.